UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE A. SU, Acting )
Secretary of Labor, )
United States Department of Labor, )
)
    Plaintiff, )
)
) Civil Action No. 2:23-cv-
) 12412-SFC-APP
v. )
)
RELIANCE STAFFING, LLC, )
a Michigan limited liability )
company, and FAHIM UDDIN )
an individual, )
)
    Defendants. )

## CONSENT JUDGMENT AND ORDER

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants Reliance Staffing, LLC and Fahim Uddin, individually, (collectively "Defendants") have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defenses which they may have, and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to,

any of their employees working at Reliance Staffing, LLC, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

2. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Reliance Staffing, LLC, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

3. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

    c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

4.  Defendants shall treat all persons hired, engaged or utilized as registered nurses, licensed practical nurses, and certified nursing assistants as employees under the FLSA, including, but not limited to, those individuals performing substantially similar duties to this group of registered nurses, licensed practical nurses, and certified nursing assistants. The duties of registered nurses, licensed practical nurses, and certified nursing assistants include providing direct care to patients. Defendants acknowledge that persons performing duties of registered nurses, licensed practical nurses, and certified nursing assistants are employees subject to the overtime and recordkeeping provisions as set forth in Paragraphs 1, through 3 above.

5.  Defendants shall provide all employees with a copy of the U.S. Department of Labor, Wage and Hour Division's *Handy Reference Guide to the Fair Labor Standards Act* (available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/wh1282.pdf), *Employee Rights Under the Fair Labor Standards Act* (available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf), *Fact Sheet #14: Coverage under the FLSA* (available at https://www.dol.gov/agencies/whd/fact-sheets/14-flsa-coverage); *Fact Sheet #23:*

*Overtime Pay Requirements of the FLSA* (available at

https://www.dol.gov/agencies/whd/fact-sheets/23-flsa-overtime-pay); *Fact Sheet #13: Employment Relationship under the FLSA* (available at

https://www.dol.gov/agencies/whd/fact-sheets/13-flsa-employment-relationship); *and Fact Sheet #21: Recordkeeping Requirements under the FLSA* (available at https://www.dol.gov/agencies/whd/fact-sheets/21-flsa-recordkeeping), in a language in which the employee is fluent. Defendants shall provide these materials within 30 days of employment or, for current employees, within 30 days of entry of the Consent Judgment. Defendants shall provide these materials to employees for a period no fewer than 24 months from entry of the Consent Judgment.

6. Defendants shall display in conspicuous places throughout their establishments[1] for their employees' viewing the poster "Employee

---

[1] Ashley Healthcare Center, 103 West Wallace Street, Ashley, MI 48806; Boulevard Manor 464 East Grand Boulevard, Detroit, MI 48207; Heritage Manor, 9500 Grand River, Detroit, MI 48204; Lakeside Manor, 13990 Lakeside Circle, Sterling Heights, MI 48303; Northville Manor 520 Main Street, Northville, MI 48167; Oakland Manor, 50 North Perry Street, 1st Floor East Tower, Pontiac, MI 48342; Oakridge Manor, 3161 Hilton Road, Ferndale, MI 48220; Pine Creek Manor, 34330 Van Born Road, Wayne, MI 48184; Pioneer Specialty Hospital, 6245 Inkster Road, Garden City, MI 48315; Pioneer Specialty Hospital, 50 North Perry Street, 1st Floor East Tower, Pontiac, MI 48342; Regency Manor, 7700 McClellan Street, Utica, MI 48317; Riverside Healthcare Center, 1149 West Monroe Road, St. Louis, MI 48880; Regency Assisted Living, 211 West Wallace Street, Ashley, MI 48806.

Rights Under the Fair Labor Standards Act" issued by the U.S. Department of Labor in both English and Spanish (available at https://www.dol.gov/agencies/whd/posters/flsa).

7. This Consent Judgment shall be posted at all of Defendants' establishments, at a location where employee notices are customarily posted, and shall remain posted for a period of not less than 12 months from the date of entry of this Consent Judgment.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $181,529.50, plus post-judgment interest as set forth in Exhibit A.[2]

8. The Acting Secretary shall recover from Defendants the sum of $90,764.75 in unpaid overtime compensation covering the period from March 23, 2022, to August 5, 2022, for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $90,764.75 in liquidated damages plus post-judgment interest.

---

[2] Employees' names have been redacted for privacy reasons. Defendants acknowledge receiving employees' full names.

7

a.      At the time of Defendants' execution of this Consent Judgment, Defendants shall deliver an initial payment in the amount of $30,000 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

b.      By the 1st of each month thereafter, commencing by March 1, 2024, Defendants shall deliver the first of 5 monthly payments, each in the amount of $25,476.36, by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region" and a 6th monthly payment of $25,476.34, as identified in Exhibit B. These payments shall continue on the first day of every month, until August 1, 2024. A 14 calendar-day grace period shall be allowed for receipt of each payment that is required by this paragraph. If Defendants fail to make any payment within that 14 calendar-day grace period, all remaining installment payments shall become immediately due and payable, without presentment,

demand, protest or notice of any kind, all of which Defendants hereby expressly waive.

    c.    In the event Defendants fail to make any payment within 14 days of any due date set forth on the payment plan in Paragraph 10, and are not otherwise up-to-date on the total owed under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, consistent with the terms of this Consent Judgment and pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. In the event a writ of execution is entered by the Court, the Acting Secretary may engage in discovery in aid of execution as permitted by the Federal Rules of Civil Procedure. However, the Acting Secretary may not take any steps to enforce the monetary terms of this Consent Judgment absent a default by Defendants under the monetary terms of this Consent Judgment.

    d.    Defendants shall also furnish to the Acting Secretary the social security number and last known address for each employee named in Exhibit A.

    e.    Upon receipt of payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

    f.    Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Acting Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

g. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

h. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

i. By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 2nd day of February 20 24 .

s/Sean F. Cox<br>
**SEAN F. COX**<br>
United States District Judge

Entry of this judgment is hereby consented to:

**For Defendants:**

Date 12/15/2023

Reliance Staffing, LLC

_____

Its President/Owner

_____

Fahim Uddin, Individually

_____

Attorney for
Defendants Craig S. Romanzi
P.O. Box 80430
Rochester, MI 48326

APPROVED:
**SEEMA NANDA**

**CHRISTINE Z. HERI**
Solicitor of Labor
Regional Solicitor

/s/ Barbara M. Villalobos

Barbara M. Villalobos

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312 353-1168
Villalobos.barbara@dol.gov


*Attorneys for Plaintiff Julie A. Su,
Acting Secretary of Labor
United States Department of
Labor*

## EXHIBIT A

| Last Name | First Initial | Back Wages Due | Liquidated Damages Due | Post-Judgment Interest | Total Due |
|---|---|---|---|---|---|
| ADKISSION | N. | $1,860.00 | $1,860.00 | $27.05 | $3,747.05 |
| AHMED | N. | $1,567.50 | $1,567.50 | $22.80 | $3,157.80 |
| BARNES | C. | $180.00 | $180.00 | $2.61 | $362.61 |
| BEASLEY | A. | $180.00 | $180.00 | $2.61 | $362.61 |
| BELK | D. | $562.50 | $562.50 | $8.19 | $1,133.19 |
| BOWERS | D. | $420.00 | $420.00 | $6.10 | $846.10 |
| BROWN | A. | $960.00 | $960.00 | $13.95 | $1,933.95 |
| BYRD | K. | $5,070.00 | $5,070.00 | $73.72 | $10,213.72 |
| CAMMON | K. | $4,100.30 | $4,100.30 | $59.63 | $8,260.23 |
| CANTY | L. | $4,657.50 | $4,657.50 | $67.74 | $9,382.74 |
| COBB | L. | $810.00 | $810.00 | $11.78 | $1,631.78 |
| CUNNINGHAM | R. | $854.74 | $854.74 | $12.44 | $1,721.92 |
| CURRY | M. | $2,524.97 | $2,524.97 | $36.72 | $5,086.66 |
| DAVIS | B. | $626.25 | $626.25 | $9.11 | $1,261.61 |
| DAVIS | T. | $1,740.00 | $1,740.00 | $25.29 | $3,505.29 |
| DEGREE | N. | $1,665.00 | $1,665.00 | $24.23 | $3,354.23 |
| DOSS | G. | $3,270.00 | $3,270.00 | $47.55 | $6,587.55 |
| DOWDY | D. | $840.00 | $840.00 | $12.21 | $1,692.21 |
| EDWARDS | S. | $120.00 | $120.00 | $1.75 | $241.75 |
| ELMORE | G. | $726.90 | $726.90 | $10.57 | $1,464.37 |
| EVANS | D. | $1,831.25 | $1,831.25 | $26.63 | $3,689.13 |
| EVANS | N. | $120.00 | $120.00 | $1.75 | $241.75 |
| FERNNADAZE | L. | $2,086.88 | $2,086.88 | $30.36 | $4,204.12 |
| FLETCHER | S. | $1,080.00 | $1,080.00 | $15.71 | $2,175.71 |
| FRANCE | K. | $1,140.00 | $1,140.00 | $16.59 | $2,296.59 |
| FRANKLIN | V. | $202.50 | $202.50 | $2.94 | $407.94 |
| GARRISON | C. | $2,823.75 | $2,823.75 | $41.07 | $5,688.57 |
| GILLAM | C. | $900.00 | $900.00 | $13.10 | $1,813.10 |

| Last Name | First Initial | Back Wages Due | Liquidated Damages Due | Post-Judgment Interest | Total Due |
|---|---|---|---|---|---|
| GREEN | R. | $2,377.67 | $2,377.67 | $34.57 | $4,789.91 |
| HARPER | S. | $450.00 | $450.00 | $6.53 | $906.53 |
| HEARD | K. | $3,227.50 | $3,227.50 | $46.93 | $6,501.93 |
| HERRON | E. | $1,890.00 | $1,890.00 | $27.48 | $3,807.48 |
| HICKS | T. | $1,605.00 | $1,605.00 | $23.34 | $3,233.34 |
| HINDS | S. | $1,013.68 | $1,013.68 | $14.74 | $2,042.10 |
| HINKLE | S. | $188.33 | $188.33 | $2.73 | $379.39 |
| HUDECHECK | D. | $168.75 | $168.75 | $2.45 | $339.95 |
| JACKSON | J. | $420.00 | $420.00 | $6.10 | $846.10 |
| JACKSON | L. | $3,881.25 | $3,881.25 | $56.46 | $7,818.96 |
| JOHNSON | A. | $1,095.00 | $1,095.00 | $15.92 | $2,205.92 |
| JONES | K. | $1,680.00 | $1,680.00 | $24.44 | $3,384.44 |
| KING | I. | $240.00 | $240.00 | $3.49 | $483.49 |
| KUHN | A. | $780.00 | $780.00 | $11.34 | $1,571.34 |
| LEWIS-WIAFE | M. | $1,072.50 | $1,072.50 | $15.60 | $2,160.60 |
| LINDSEY | Z. | $300.00 | $300.00 | $4.37 | $604.37 |
| MARSHALL | L. | $300.00 | $300.00 | $4.37 | $604.37 |
| MAYFIELD | A. | $120.00 | $120.00 | $1.75 | $241.75 |
| MCNEAL | D. | $236.25 | $236.25 | $3.43 | $475.93 |
| MINER | E. | $270.00 | $270.00 | $3.93 | $543.93 |
| MOORE | L. | $1,172.25 | $1,172.25 | $17.05 | $2,361.55 |
| PALMER | K. | $1,920.00 | $1,920.00 | $27.91 | $3,867.91 |
| RAGLAND | G. | $672.75 | $672.75 | $9.77 | $1,355.27 |
| RAY | J. | $1,125.00 | $1,125.00 | $16.37 | $2,266.37 |
| RIVERS | C. | $1,290.00 | $1,290.00 | $18.76 | $2,598.76 |
| SAMPSON | E. | $1,755.00 | $1,755.00 | $25.53 | $3,535.53 |
| SHAVER | K. | $753.75 | $753.75 | $10.96 | $1,518.46 |
| SIMS | A. | $1,068.75 | $1,068.75 | $15.54 | $2,153.04 |
| STUBBS-BRANDON | P. | $540.00 | $540.00 | $7.86 | $1,087.86 |

| Last Name | First Initial | Back Wages Due | Liquidated Damages Due | Post-Judgment Interest | Total Due |
|---|---|---|---|---|---|
| THOMAS | A. | $1,865.00 | $1,865.00 | $27.14 | $3,757.14 |
| THOMAS | N. | $360.00 | $360.00 | $5.24 | $725.24 |
| THOMPSON | C. | $967.50 | $967.50 | $14.07 | $1,949.07 |
| TILLMAN | C. | $90.00 | $90.00 | $1.32 | $181.32 |
| WALKER | K. | $300.00 | $300.00 | $4.37 | $604.37 |
| WALKER | V. | $2,250.00 | $2,250.00 | $32.71 | $4,532.71 |
| WARD | S. | $120.00 | $120.00 | $1.75 | $241.75 |
| WATTS | B. | $180.00 | $180.00 | $2.61 | $362.61 |
| WIDEMAN | L. | $3,611.25 | $3,611.25 | $52.52 | $7,275.02 |
| WILLIAMS | L. | $3,310.00 | $3,310.00 | $48.14 | $6,668.14 |
| WILSON | J. | $2,114.47 | $2,114.47 | $34.64 | $4,263.58 |
| WIMBERLY | B. | $715.00 | $715.00 | $13.61 | $1,443.61 |
| WRIGHT | J. | $348.06 | $348.06 | $6.60 | $702.72 |
| | | $90,764.75 | $90,764.75 | $1,328.64 | $182,858.14 |

## EXHIBIT B

## PAYMENT SCHEDULE

| No. | Date Due | Gross Amount Due | Post-Judgment Interest | Total Installment Amount |
|---|---|---|---|---|
| 1 | 01/01/2024 | $30,000.00 | $0.00 | $ 30,000.00 |
| 2 | 03/01/2024 | $25,097.54 | $378.82 | $ 25,476.36 |
| 3 | 04/01/2024 | $25,160.28 | $316.08 | $ 25,476.36 |
| 4 | 05/01/2024 | $25,223.18 | $253.18 | $ 25,476.36 |
| 5 | 06/01/2024 | $25,286.24 | $190.12 | $ 25,476.36 |
| 6 | 07/01/2024 | $25,349.45 | $126.91 | $ 25,476.36 |
| 7 | 08/01/2024 | $25,412.81 | $63.53 | $ 25,476.34 |
| Totals | | $181,529.50 | $1,328.64 | $182,858.14 |